IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SHANE McCLAINE CAIN, | § | |
| | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0420 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS SUCCESSIVE PETITION

    Petitioner SHANE McCLAINE CAIN, an inmate confined at the TDCJ-CID Bill Clements Unit, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2241.  By his habeas application, petitioner challenges the execution of his 25-year sentence assessed on November 20, 1989 upon his conviction for the felony offense of theft over $750 out of the 264th Judicial District Court of Bell County, Texas.  *See State v. Cain*, Cause No. 38,167.[1]  Specifically, petitioner appears to argue he has been denied his right to be "released" to mandatory supervision on his sentence, and that his guilty plea to the theft offense has been rendered involuntary because by failing to "release" petitioner to mandatory supervision on this sentence, the State has violated the plea agreement with petitioner.  For the reasons hereinafter

---

[1] The indictment in this case alleged four (4) enhancement paragraphs for past felony convictions.  Consequently, petitioner was sentenced as a habitual third offender.

expressed, the undersigned United States Magistrate Judge recommends petitioner's application be DISMISSED.

## I.
## ADDITIONAL CRIMINAL PROCEEDINGS

On May 18, 1992, petitioner was convicted, pursuant to a guilty plea, of two counts of retaliation out of the 25th Judicial District Court of Guadalupe County, Texas. *See State v. Cain*, Cause No. 91-0984-CR. Pursuant to a plea agreement, petitioner was sentenced to ninety-nine (99) years confinement to begin after his 25-year sentence in Cause No. 38,167 ceased to operate.

On April 12, 1993, petitioner was convicted, pursuant to a guilty plea, of the offense of possession of a deadly weapon in a penal institution out of Houston County, Texas. *See State v. Cain*, Cause No. 14,288-CR. Petitioner was sentenced to thirty-five (35) years confinement to run consecutively after serving his 99-year sentence in Cause No. 91-0984-CR.[2]

Petitioner has unsuccessfully challenged his theft, retaliation, and possession of a deadly weapon convictions in several state applications for habeas corpus.[3] He has also unsuccessfully challenged the execution of his 25-year, 35-year and 99-year state sentences in numerous state habeas applications.

## II.
## PRIOR FEDERAL COURT PROCEEDINGS

Petitioner has filed at least twelve (12) previous federal applications for writs of habeas corpus, several of which challenge the execution of his sentences. On October 11, 2001, petitioner

---

[2] In 1989, petitioner was charged, and was subsequently convicted, of the offense of threats against the President and successors to the President in the United States District Court for the Western District of Texas, Waco Division. *United States v. Cain*, 6:1989-CR-0107.

[3] Petitioner has filed twenty-four (24) state habeas applications in all. *See In re Cain*, Nos. 18,018-01 to -24.

filed with the United States District Court for the Northern District of Texas, Abilene Division, a habeas application:

> [C]hallenging the constitutionality of the operation and execution of his consecutive sentences in cause no. 38,167 from Bell County, Texas and cause no. 9100984-CR from Guadalupe County, Texas, specifically challenging:
>
> (1) being denied the right to "cease to operate" petitioner's first consecutive "judgement and sentence" of 25 years in cause no. 38,167 on the date he would have been "eligible" for release on parole in that sentence; and
>
> (2) being denied the right to begin serving his second [state] sentence of 99 years in cause no. 91-0984-CR on that date,
>
> pursuant to the laws applicable to petitioner's sentence.

*Cain v. Cockrell*, Cause No. 1:01-CV-189-C. On October 18, 2001, the Abilene Division Court, taking judicial notice of at least eight (8) prior habeas petitions filed by petitioner, denied petitioner's federal habeas application because petitioner had not obtained authorization from the United States Court of Appeals for the Fifth Circuit to file a successive petition. Petitioner appealed the denial of his federal habeas application to the Fifth Circuit and, in that same cause, moved for an order authorizing the district court to consider a 28 U.S.C. § 2241 petition. *Cain v. Cockrell*, Cause No. 01-11458. On January 21, 2002, the Fifth Circuit denied petitioner's motion for an order authorizing the district court to consider a 28 U.S.C. § 2241 petition.

### III.
### FAILURE TO OBTAIN PERMISSION TO FILE SUCCESSIVE PETITION

Title 28 U.S.C. § 2244(b)(2) permits a district court to consider a claim presented in a second or successive habeas application[4] that was not presented in a prior application if the claim

---

[4] Title 2244(b) does not define what constitutes a "second or successive habeas corpus application." Even so, the undersigned finds the instant application for habeas relief is a "second or successive habeas corpus application" within the meaning of section 2244(b) because it, like petitioner's habeas application presented to the Abilene court, challenges the execution of petitioner's 25-year sentence assessed in Cause No. 38,167 and, like other prior federal habeas applications, challenges the conviction in Cause No. 38.167.

(1) relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) is based on a factual predicate that could not have been discovered previously through the exercise of due diligence and which, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found petitioner guilty of the underlying offense. In the instant case, however, it is not necessary to determine whether this Court may consider petitioner's claims presented in the current petition because petitioner has failed to fulfill the preliminary procedural filing requirements pertaining to successive petitions.

Title 28 U.S.C. § 2244(b)(3)(A) provides that ***before*** a second or successive application permitted by section 2244(b)(2) is ***filed*** in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A), which became effective April 24, 1996, creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *Felker v. Turpin*, 116 S.Ct. 2333, 2337 (1996). Specifically, it "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court." *Id.*, 116 S.Ct. at 2340. Permission may be obtained only by filing, with the appropriate appellate court, a motion for authorization to file a successive habeas petition with the district court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court). The court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. § 2244(b)(2).

In the instant application, petitioner has not made any showing of having obtained

authorization from the Fifth Circuit Court of Appeals, the appropriate appellate court, to file this, a successive federal habeas corpus application. In fact, petitioner has been denied permission from the Fifth Circuit to file a successive application raising claims which are similar to, if not the same as, the claims presented here. Because petitioner has failed to obtain the appropriate appellate court permission to file a successive federal habeas petition with this Court as required by 28 U.S.C. § 2244(b)(3)(A), this Court has no authority to consider his request for relief. Consequently, it is the undersigned's opinion that this Court lacks subject matter jurisdiction to consider petitioner's application for a writ of habeas corpus and that petitioner's federal application for habeas corpus relief should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), (h)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 2244(b)(3)(A).

## IV.
## MERITS

If this Court had subject matter jurisdiction to hear petitioner's claims, such claims would be denied on the merits. Petitioner's claims, *i.e.*, that he should be released to mandatory supervision on his first sentence, and that his guilty plea has been rendered involuntary because he has not been released in violation of the plea agreement he had with the State, were adjudicated on the merits in the state court habeas proceedings. The state court's adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States of America. Consequently, this Court would not be authorized to grant federal habeas corpus relief.

Lastly, petitioner's claims are based on challenges to the application of state law, and state law claims are not cognizable on federal habeas review. Even so, it does not appear petitioner has even shown a violation of state law. Petitioner has not shown he is entitled, under article 42.18 of

the Texas Code of Criminal Procedure (the mandatory supervision statute in effect at the time he committed the theft offense in Cause No. 38,167) to mandatory supervised release, much less to discharge, from his first sentence under state law.  *See Ex parte Kuester*, 21 S.W.3d 264, 270 (Tex.Crim.App. 2000); *Ex parte Ruthart*, 980 S.W.2d 469, 472 (Tex.Crim.App. 1998); *Cain v. Texas Board of Pardons and Paroles*, 104 S.W.3d 215, 217 (Tex.App.–Austin 2003).  It appears TDCJ-CID is properly calculating petitioner's sentences.

V.
RECOMMENDATION

It is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the application writ of habeas corpus filed by petitioner SHANE McCLAIN CAIN be DISMISSED for lack of subject matter jurisdiction.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner utilizing the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 7th day of April 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## *  <u>**NOTICE OF RIGHT TO OBJECT**</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).